IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

AI INTHAVONG LOPEZ,                  §
                                     §
        Petitioner,                  §
                                     §
v.                                   §       CIVIL ACTION No. 2:18-CV-126-Z
                                     §       (CRIMINAL ACTION No. 2:16-CR-76-Z)
                                     §
UNITED STATES OF AMERICA,            §
                                     §
        Respondent.                  §

## MEMORANDUM OPINION AND ORDER DISMISSING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, filed July 6, 2018 (ECF No. 1) ("Motion"). For

the reasons set forth below, the Motion is **DISMISSED**.

### BACKGROUND

In 2016, Petitioner was charged with multiple counts of mail fraud, wire fraud, and aiding

and abetting. Petitioner pled guilty to one count of mail fraud and aiding and abetting in violation

of 18 U.S.C. § 1341 and 2. *See* CR ECF No. 20.[1] During her re-arraignment, Petitioner averred

she committed each essential element of the offense. *See* CR ECF No. 48, at 18 *ll*. 5-13. The Court

accepted Petitioner's guilty plea. *See id.*, at 19 *ll*. 7-8.

The PSR calculated a total offense level of 18 after a 12-level increase for a loss exceeding

$250,000 and a two-level increase for a crime involving 10 or more victims. CR ECF No. 25-1, at

10. Petitioner was assessed two criminal history points for her past crimes and determined to be a

criminal history category level II. *See id.*, at 11-12. Petitioner was sentenced to a middle of the

---

[1] Record citations to Petitioner's underlying federal criminal case, *United States v. Lopez*, 2:16-CR-76-Z-BR, shall be to "CR ECF No." throughout this Opinion.

guideline range sentence of 34 months and a three-year term of supervised release. *See id.*, at 18; *see also* CR ECF No. 30, at 2. Petitioner did not appeal her conviction or sentence, but now claims she instructed counsel to file an appeal. ECF No. 1, at 4.

Petitioner now asks the Court to vacate her sentence and reconsider the term of imprisonment on whether her total offense level was correct after the 12-level enhancement, the assessment of criminal history points, and the failure to consider a downward departure. *See id.*, at 5-8. The Government argues the Motion should be denied because her claims are vague, conclusory, and meritless. *See* ECF No. 6, at 6-10. Petitioner replies her claims have merit. *See* ECF No. 8.

Petitioner was released from custody of the BOP on June 26, 2020. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed on April 16, 2021). Since her release, Petitioner has not updated her mailing address with the Court. Additionally, Petitioner was subject to deportation following her release from custody. *See* CR ECF No. 19; CR ECF No. 45, at 14; CR ECF No. 51, at 1-2.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a Petitioner must show cause for his

procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotation omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 307-08 (quotation omitted). Release from custody does not necessarily moot a motion to vacate. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To satisfy the case or controversy requirement, when a defendant challenges only her sentence, not the underlying conviction, she must affirmatively allege and demonstrate collateral consequences. *Id.* at 7-8.

The Fifth Circuit has determined that the imposition of a period of supervised release for deportable aliens is a form of "deterrence and protection" against illegal re-entry that constitutes an ongoing "case or controversy" in the face of a challenge *to the continued supervised release* period, even after release from custody. *See United States v. Heredia-Holguin*, 823 F.3d 337, 342-343 (5th Cir. 2016) (holding that "where a defendant has been deported, his appeal of a term of an existing supervised release is not mooted solely by that deportation."). Notably, the Fifth Circuit recognized that various circuit courts throughout the nation have held that completion of a term of imprisonment, followed by deportation, may moot a motion to vacate or appeal when only the term of imprisonment was challenged by the defendant. *Id.* at 342 n.3; *see also Bacio-Gonzales*, 713 Fed. Appx. 357, at *358 (5th Cir. 2018) (unpublished) (holding that the failure to challenge any aspect of a term of supervised release rendered the case moot once the defendant was released from custody and was awaiting deportation, regardless of the term of supervised release imposed).

3

Here, Petitioner has not challenged her supervised release imposed to discourage illegal re-entry. Further, if Petitioner is awaiting deportation, she has not shown she will be subject to collateral consequences. *See Spencer*, 523 U.S. at 7-8. As such, Petitioner's motion is moot because she failed to challenge any aspect of her supervised release, challenging only her term of imprisonment.

Additionally, since her release from custody, Petitioner has not submitted a current address to the clerk and has not communicated with the Court since November 26, 2018. *See* ECF No. 8. Thus, Petitioner's motion is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962).

**CONCLUSION**

For the reasons set forth above, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1) filed by Petitioner Ai Inthavong Lopez is **DISMISSED** without prejudice as moot and for failure to prosecute.

**SO ORDERED.**

May ___5___, 2021.

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE